IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | Criminal No. DKC 13-650-3 |
| v. | : |
| | : Rel. Civil No. DKC 20-1492 |
| ANTONIO EDWARDS | Rel. Civil No. DKC 23-1536 |
| | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution are several motions filed by Defendant Antonio Edwards: a motion for extension of time to file a 60(b) motion which was construed as a motion filed pursuant to Fed.R.Civ.P. 60(b), (ECF No. 377), two motions to vacate sentence and a supplement filed pursuant to 28 U.S.C. § 2255, (ECF Nos. 370, 438, 440), a motion for equitable tolling, (ECF No. 406), and a motion (and supplements) for compassionate release, (ECF No. 444). The compassionate release motions will be addressed in a separate opinion and the other motions will be denied or dismissed for lack of jurisdiction.

**I.    Background**

Mr. Edwards was convicted of conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951(a) (Count One), conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C. § 846 (Count Two), conspiracy to possess a firearm in furtherance of a drug trafficking crime and crime of

violence in violation of 18 U.S.C. § 924(o) (Count Three), possession of a firearm in furtherance of a drug trafficking crime and crime of violence in violation of 18 U.S.C. § 924(c) (Count Four), and felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) (Count Five).  He was sentenced on October 1, 2014, to a total term of 240 months, consisting of concurrent terms of 180 months on Counts 1, 2, 3, and 5, and a consecutive term of 60 months on Count 4.  (ECF No. 242).  He noted an appeal, and the United States Court of Appeals for the Fourth Circuit affirmed his convictions (and those of his co-conspirators) on April 19, 2016. *United States v. Hare*, 820 F.3d 93 (4th Cir. 2016).  Among the issues raised was whether a Hobbs Act robbery qualified as a crime of violence under *Johnson v. United States*, 576 U.S. 591 (2015), for purposes of the 924(c) conviction.  *Hare*, 820 F.3d at 104. The court did not need to reach the merits of that argument:

> Section 924(c) prohibits the possession of a firearm in furtherance of a crime of violence *or* a drug trafficking crime.  As the district court explained to the jury, Appellants could be found liable if they possessed a gun either in furtherance of the crime of violence charged in Count 1 or in furtherance of the drug trafficking crime charged in Count 2. The special verdict form clearly shows that the jury found Appellants guilty of possessing a firearm in furtherance of both crimes. *See* J.A. 978–81.  Thus, even assuming that a Hobbs Act robbery is not a crime of violence,

> Appellants' verdicts may be sustained because the jury found Appellants guilty of possessing, and conspiring to possess, a firearm in furtherance of the drug trafficking crime of which they were convicted in Count 2. *See United States v. Najjar*, 300 F.3d 466, 480 n.3 (4th Cir. 2002) (explaining that while "[a] general verdict. . . should be set aside in cases where the verdict is supportable on one ground, but not another, and it is impossible to tell which ground the jury selected [,] [s]pecial verdicts obviate this problem by allowing a court to determine upon what factual and legal basis the jury decided a given question" (quotation omitted)). Accordingly, we uphold Appellants' convictions.

*Hare*, 820 F.3d at 105–06.

Mr. Edwards filed his first motion to vacate sentence pursuant to 28 U.S.C. § 2255 on September 29, 2016, (ECF No. 299), and supplemented it several times.  The original motion and first supplement were denied, and the additional supplements were dismissed as untimely on September 11, 2019.  (ECF Nos. 347, 348).

On April 21, 2020, Mr. Edwards sought permission from the United States Court of Appeals for the Fourth Circuit to file a successive motion, (ECF No. 360), in order to argue that Conspiracy to Commit Hobbs Act robbery is not a crime of violence based on United *States v. Davis*, 588 U.S. 445 (2019), and *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019).  The motion was denied on May 8, 2020.  (ECF Nos. 361, 362).

3

On June 15, 2020, Mr. Edwards filed a "declaration" requesting additional time to prepare a motion "pursuant to Rule 60(b) in light of 'Davis'". (ECF No. 366). The court construed the motion as one filed under Fed.R.Civ.P. Rule 60(b) and provided Mr. Edwards until August 17, 2020, to supplement the motion. (ECF No. 367).[1]

Mr. Edwards filed a motion for extension of time on June 29, 2020, seeking an additional 60 days to "complete his filing" "[i]n light of the Supreme Court's decision in *U.S. v. Rehaif*, 139 S.Ct. 2191 (June 21, 2019)." (ECF No. 368).[2] The court issued an Order on July 10, 2020, construing Mr. Edwards' motion for extension of time as a second motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, assigning the case as Civil Action No. DKC 20-1492, and providing him sixty (60) days to supplement the motion, as construed. (ECF No. 371).

On July 20, 2020, Mr. Edwards filed a motion seeking an additional 60 days to "complete his filing of Rule 60(b) timely." (ECF No. 372). On July 27, 2020, Mr. Edwards filed a letter

---

[1] Mr. Edwards was advised that motions raising similar issues filed by his co-defendants had already been denied and he was provided copies of those decisions, filed at ECF Nos. 355 and 357.

[2] The Clerk docketed the motion a second time at ECF No. 370. When this was filed, the court construed it as a § 2255 motion and opened Civil Action No. 20-1492. That was in error, and Civil Action No. 20-1492 will be closed.

4

advising that he did not agree with the court's interpretation of the motion for extension of time as that pursuant to § 2255. (ECF No. 375). He wrote that he intended to present the issue under Fed.R.Civ.P. 60(b)(6), because *Rehaif* is not a new rule of constitutional law and cannot be brought under § 2255(f)(1).[3] (*Id.*).

Mr. Edwards sent a motion for permission to file a Rule 60(b)(4) and (6) motion to Assistant Federal Public Defender Shari Derro, which she filed on his behalf on August 7, 2020. (ECF No. 376-1). The Clerk received a second motion for permission to file a Rule 60(b)(4) and (6) motion from Mr. Edwards directly on August 17, 2020. (ECF No. 377). On August 20, 2020, Mr. Edwards filed a letter asking the court to disregard the motion that was filed by the public defender because that version was a draft, sent to counsel for advice. (ECF No. 378). In the request to file the motion, (ECF No. 377), Mr. Edwards relies on *Davis* and *Rehaif*.

On September 18, 2020, Justin Eisele was appointed to represent Mr. Edwards under the Criminal Justice Act. (ECF No. 379). Mr. Eisele filed a motion for compassionate release on

---

[3] The Fourth Circuit recognized that, while *Rehaif* announced a new rule, it was not a new constitutional rule, under §2255(h)(2). *In re McNeill*, 68 F.4th 195, 201 (4th Cir. 2023).

Mr. Edwards' behalf on February 17, 2021.   (ECF No. 394).   That motion was denied on January 6, 2022. (ECF No. 428).

Mr. Edwards filed a motion for equitable tolling on March 31, 2021. (ECF No. 406). He asserts that he is innocent of the weapon convictions and requests the court to toll the one-year § 2255 limitation.   (*Id*. at 2).   He wants to file a § 2255 motion to assert claim(s) against his appellate attorney, Justin Gladstone, for failure to show on appeal that he never agreed to be a participant in the robbery of the drug stash house.   (*Id*. at 4-6).

On September 14, 2021, the United States Court of Appeals for the Fourth Circuit denied Mr. Edwards' second request for permission to file a second or successive motion under 28 U.S.C. § 2255. (ECF No. 412).[4]

---

[4] In this request to the Fourth Circuit, Mr. Edwards asked that his request to file a second or successive petition be held in abeyance "in light of U.S. v. Gary, 954 F.3d 194."   Motion for Authorization to File Successive Application for Post-Conviction Relief at 1, *In re: Antonio Edwards*, No. 21-129 (4th Cir. Feb. 25, 2021).   He asserted that his violation for being a felon in possession should be vacated because the indictment did not allege that he knew of his prohibited status.  *Id*. at 1-2.   The petition was held in abeyance pending *In re Horton*, No. 19-373, and eventually denied.   Order, *In re: Antonio Edwards*, No. 21-129 (4th Cir. Sep. 14, 2021).

On June 5, 2023, Mr. Edwards, through retained counsel Antoini Jones, filed another motion to vacate sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 438).[5]  The court issued an Order on June 14, 2023, requesting that a supplement be filed to clarify whether the counselled § 2255 motion is a supplement to a pending motion or a motion to amend any of the prior motions.  (ECF No. 439).  And, if it is not any of those, why it is not a successive motion or otherwise untimely.  (*Id*.)  A supplement was filed on July 12, 2023, requesting that the § 2255 motion be considered under *United States v. Taylor*, 596 U.S. 845 (2022) but not addressing the court's questions directly.  (ECF No. 440).  The supplement states that "Defendant presumes that the court has jurisdiction because this was filed within one year of the *Taylor* being announced by the Supreme Court."  (*Id*. at 2).  On July 17, 2023, the government filed a letter requesting the court to consider the counselled § 2255 as successive.  (ECF No. 441).  On July 19, 2023, the court directed the government to respond.  (ECF No. 442).  The government filed a consolidated response to Mr. Edwards' pending § 2255 motions and to his motion for equitable tolling on September 18, 2023.  (ECF No. 443).

---

[5] This filing resulted in the opening of Civil Action No. 23-1536.

7

## II. Standards of Review

The interplay between Rule 60 and habeas petitions under § 2255 is complicated.

### A. Basic § 2255 Standards

A prisoner may file a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence where the sentence was imposed in violation of the Constitution or law of the United States, the court was without jurisdiction to impose the sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A one-year period of limitation applies, and runs, as applicable here, either from the date judgment was imposed, or the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review. § 2255 (f)(1) and (3). Otherwise, a motion is second or successive and must be certified by a panel of appellate judges based on newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or based on a new rule of constitutional law, made retroactive to

cases on collateral review by the Supreme Court, that was previously unavailable. § 2255(h).

> A "case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301[] (1989). In *Thomas*, we held that "*Davis's* constitutional rule is new" because its holding "was not dictated by precedent." *Thomas*, 988 F.3d at 788–89. And because, as in *Thomas*, the Supreme Court had not decided *Davis* at the time Graham's conviction became final, *Davis* constitutes "a new rule" for purposes of § 2255(h)(2) in this case.

*In re Graham*, 61 F.4th 433, 442 (4th Cir. 2023).

### B.  Equitable Tolling

> A federal habeas petitioner may be entitled to equitable tolling of the one-year statute of limitations established in the Antiterrorism and Effective Death Penalty Act (AEDPA) "where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). To establish grounds for equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649[] (2010) (emphasis added and cleaned up). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id*. at 653[] (cleaned up). And "under our existing 'extraordinary circumstances' test, [a petitioner] is only entitled to equitable tolling if he presents

9

> (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

*Justus v. Clarke*, 78 F.4th 97, 104–05 (4th Cir. 2023).

### C.    Rule 60

> Rule 60(b) applies to § 2255 proceedings, but only "to the extent that [it is] not inconsistent with" applicable statutory provisions and rules.  Rules Governing Section 2255 Cases, Rule 12, 28 U.S.C. foll. § 2255. Therefore, a Rule 60(b) motion in a habeas proceeding that attacks "the substance of the federal court's resolution of a claim on the merits" is not a true Rule 60(b) motion, but rather a successive habeas petition. *Gonzalez[ v. Crosby]*, 545 U.S. [524,] 531–32[ (2005)].  A successive habeas petition may not be filed in district court without preauthorization from a court of appeals under § 2244(b)(3)(A).  A Rule 60(b) motion that challenges "some defect in the integrity of the federal habeas proceedings," however, is a true Rule 60(b) motion, and is not subject to the preauthorization requirement.  *Id*.

*United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015); *see also Bixby v. Stirling*, 90 F.4th 140, 147-48 (4th Cir.), *cert. denied*, 145 S.Ct. 224 (2024).  The Fourth Circuit "has held that Rule 60(b) motions should be treated as successive applications for post-conviction relief under 28 U.S.C. § 2255 when they present claims that are equivalent to additional habeas claims." *Taylor v. United States*, No. 07-cr-307-RDB, No. 13-cv-655-RDB, 2013 WL 937547, at

*1 (D.Md. Mar. 7, 2013) (citing *Hunt v. Nuth*, 57 F.3d 1327, 1339 (4th Cir. 1995)); *see also United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be considered a proper motion to reconsider.").

## III. Analysis

### A. Pro Se Filings

Given the convoluted series of motions filed by Mr. Edwards, it is difficult to identify where to begin, or what issue to resolve first. Chronologically, the earliest motions are those seeking extensions of time to file more complete motions referencing *Davis* and *Rehaif*, one of which was docketed as a Motion to Vacate. (ECF Nos. 366, 368, 370, 372). Eventually he filed his request to file a motion pursuant to Fed.R.Civ.P. 60(b)(4) and (6). (ECF No. 377). In that motion, he states that he understands that he must make a prima facie showing that his petition relies on a new rule of constitutional law that is retroactive or that there is factual evidence of actual innocence. (*Id*. at 1). He says that he will show a fundamental error in the criminal proceeding based on ineffective assistance of counsel. (*Id*.) By

11

those assertions, Mr. Edwards is seeking to attack the underlying criminal judgment and not claiming that there were defects in the ruling on his initial § 2255 motion.  Thus, he is improperly trying to rely on Rule 60 to avoid the limitations in § 2255.  The motion at ECF No. 377 must be dismissed on that basis.  So, too, must the motion at ECF No. 370, labelled Motion to Vacate under § 2255, be dismissed.  Mr. Edwards must receive permission from the Fourth Circuit before he may file a second or successive motion.

Similarly, the motion for equitable tolling, (ECF No. 406), will be denied.  By that motion, Mr. Edwards asserts that he was deprived of the opportunity to amend his initial § 2255 motion to assert additional claims of ineffective assistance of counsel and *Davis* error.  (*Id.* at 4, 6).  He asks to be excused in some fashion and permitted to file a second or successive § 2255 motion.  (*Id.* at 1).  That relief can only be granted by the Fourth Circuit.  He has not demonstrated any ground for excusing his failure to include these issues in his initial timely motion to vacate.

Mr. Edwards timely filed his first petition within one year of the judgment, and it was denied on September 11, 2019.  (ECF Nos. 347, 348).  His first request to file a second or successive application was denied by the Fourth Circuit on May 8, 2019.  (ECF No. 362).  That request was based on *United States v. Davis*,

12

decided June 19, 2019, that conspiracy to commit Hobbs Act Robbery is no longer a crime of violence and he no longer qualified for enhanced penalties under 18 U.S.C. § 924(o) and 924(c).  He claimed that his application relied on a new rule of constitutional law made retroactive to cases on collateral review.  The Fourth Circuit denied his second motion for leave to file a successive motion pursuant to § 2255, seeking to assert *Rehaif* error, on September 14, 2021. (ECF No. 412).  Thus, the Fourth Circuit has already considered Mr. Edwards' efforts to assert error on those grounds. Mr. Edwards faces an insurmountable battle in trying to get the merits of these claims addressed.  He tries to complain that the original § 2255 was resolved in a way that deprived him of an opportunity to try to amend or supplement it to assert these new claims.  He has, however, shown neither that the court lacked jurisdiction over the initial § 2255 motion nor that there is any other reason justifying relief.

**B. Counseled Petition**

Retained counsel filed a standalone Motion on June 5, 2023, asserting that Mr. Edwards should not have been sentenced as an Armed Career Criminal because two prior convictions for attempted possession with intent to distribute should not have been counted. (ECF No. 438).  In a supplement, counsel asserts that this motion

13

is timely because it was filed within one year of *United States v. Taylor* being announced by the Supreme Court.  (ECF No. 440, at 2). As recounted at the outset, a new one-year period is only triggered when a new right is recognized by the Supreme Court and has been made retroactively applicable to cases on collateral review. *Taylor* is not one of those cases.  Thus, this motion is successive and this court lacks jurisdiction absent permission from the Fourth Circuit.[6]

---

[6] It is doubtful that *Taylor* satisfies the requirement for § 2255(h) either:

> The Supreme Court in *Taylor* did not announce a new rule of constitutional law, but rather interpreted, as a matter of statutory analysis, the meaning of the term "crime of violence" in § 924(c), and, more specifically, the proper application of the elements clause in § 924(c)(3)(A) and whether it covered attempt offenses like attempted Hobbs Act robbery.  The Court did not hold, or otherwise suggest, that the elements clause was unconstitutionally vague or overbroad, like it had done with regard to § 924(c)(3)(B)'s residual clause in *Davis*.   The Court's interpretation of a substantive criminal statute, using established rules of statutory construction, cannot announce a new rule of constitutional law under § 2255(h).

*In re Williams*, No. 22-13997-B, 2022 WL 18912836, at *3 (11th Cir. Dec. 15, 2022).

14

## IV.  Conclusion

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant on the merits of a § 2255 motion to vacate.  A certificate of appealability is a "jurisdictional prerequisite" to an appeal from that type of order.  *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).  Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in

its procedural ruling."  *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (internal marks omitted).

Given the disposition of all of the motions, dismissing those that are actually successive § 2255 motions, the certificate of appealability requirement does not apply.  *McRae*, 793 F.3d at 397–400.  A separate order will follow.

_____/s/_____

DEBORAH K. CHASANOW
United States District Judge

16